# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MATTHEW M. AULICINO,**

    **Plaintiff,**

**v.**                                      **Case No:   6:15-cv-2098-Orl-41DAB**

**KRISTINE EPPERSON MCBRIDE,**
**STUART EPPERSON and NANCY**
**EPPERSON,**

    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**    **Motion to Reinstate Complaint (Doc. No. 10)**
>
> **FILED:**       **May 16, 2016**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

> **MOTION:**    **Motion to extend time (Doc. No. 10)**
>
> **FILED:**       **May 16, 2016**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

According to the docket and the representations made in the instant motion, on December 14, 2015, Plaintiff, through his counsel Mark S. Guralnick, filed his Complaint in this action (Doc. 1). The electronic filing receipt shows that a copy of the docket entry reflecting the filing was sent

by electronic mail to guralnicklaw@hotmail.com, the address supplied by counsel upon his registration with CMECF. Summonses were issued that same day and sent electronically to the same address.  The Clerk also sent original copies by United States Mail.

On December 29, 2015, the Court issued its Related Case Order and Interested Persons Order (Docs. 6, 7).  The Orders were sent electronically to Mr. Guralnick at the address he had registered with the Clerk (guralnicklaw@hotmail.com).  On January 28, 2016, having received no responses to the Orders, the District Judge issued an Order directing compliance, and noted that failure to comply may result in sanctions without further notice (Doc. 8).  This, too, was sent electronically to the existing address. Again, no responses were filed.  Thus, on April 6, 2016, the District Judge dismissed the case without prejudice under Rule 16(f), and closed the file (Doc. 9).  The instant motion was filed 41 days later.

Plaintiff seeks leave to reinstate the Complaint, enlarge the time to perfect service, and to serve the Defendants by private process server. Counsel claims that "unbeknownst to [him], the Court had been sending emails to the undersigned counsel at an incorrect email address" and he "never received any of the emails" and, thus, never responded to them.  Counsel claims he is not sure why the Court had an inaccurate, outdated email address on file for counsel and has since corrected and updated the Court's records.

As for failure to timely serve, counsel states that the Notice of Lawsuit and Request to Waive Service of Summons was sent to Defendants by regular mail on February 1, 2016. Counsel "assumes" that they were received and, as they were not signed and returned, assumes that each defendant has declined to waive service.  Counsel continues: "On May 10, 2016, we were preparing a motion for enlargement of time to perfect service on the Defendants. It was at that point that we discovered for the first time that the case had been closed and learned that the Court had been

dispatching emails to us at an incorrect email address. We quickly hastened to convert our motion to the instant motion seeking reinstatement of the Complaint and for an enlargement of time to perfect service upon the Defendants." Claiming no prejudice has occurred, Plaintiff asks to reinstate the Complaint and to be allowed to "re-serve" it. The Court recommends that the motion be **denied.**

The motion is filed more than 28 days after the case was dismissed and cites no authority vesting the Court with jurisdiction to consider it. Even assuming that jurisdiction exists, counsel fails to show good cause. To the extent the Court was using an incorrect electronic address, it was the address provided by *counsel.* Moreover, *counsel* is responsible for assuring that the Court has correct and updated contact information within the CMECF system.[1] To the extent counsel is "not sure" why the Court had an outdated address, the answer seems self-evident.

Even if the Court were responsible for the misdirected email (it is not), this does not explain why counsel took no action in this matter, including looking at the docket, since filing the case in December. Indeed, there is no explanation at all offered as to why Defendants were not served within the allotted time. In short, while there is neglect here, the Court cannot find it to be excusable on this showing. For this reason, the Court **respectfully recommends** that the motion be **denied.** As the dismissal was without prejudice and the case is closed, the recommendation is without prejudice to Plaintiff re-filing his case in a new docket.

## NOTICE TO PARTIES

---

[1] The Court's Administrative Procedures for Electronic Filing provides, in pertinent part: D. Contact Information

1. All attorneys and pro se litigants must maintain current information in CM/ECF including name, email address, mailing address, telephone number, fax number, and where applicable, firm name or affiliation. An E-filer must immediately update CM/ECF with any change to the E-filer's contact information. In addition, an E-Filer should inform the Court and parties of such a change by using the "Notice of Change of Address" event in CM/ECF for each active case.

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 18, 2016.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy